UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al. <br><br> Defendants. | Case No: 06-02201 (EGS) |

**OPPOSITION TO DEFENDANTS' MOTION TO EXTEND**

On Wednesday, January 24, 2007, Defendants filed a motion pursuant to Fed. R. Civ. P. 6(b)(1) to extend the time for response to Plaintiff's Complaint by over four (4) months from January 29, 2007 to June 1, 2007. Counsel for Defendants contacted Plaintiff's counsel on the evening of January 24, 2007 just prior to filing the motion, and counsel for Plaintiff, without having been told the specific terms of the extension and without an opportunity to confer with its client, did not consent to the extension. After having viewed the motion to extend, and in light of the history of delay established in the record in this case, Plaintiff opposes the motion to extend. In the alternative, Plaintiff asserts that any extension beyond 20 days would be excessive.

I.     **A Four-Month Extension is Excessive in This Case.**

Defendants assert that a four-month extension is required because an additional three months is needed to finalize the search for requested records, process the records, and then analyze the results. The record in this case establishes that such delay would be extraordinary, and unnecessary.

Plaintiff filed its original request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., on March 27, 2006. See Complaint Exhibit A. Defendants did not respond to Plaintiff's request until June 26, 2006, approximately two months after the expiration of the 20-working-day time limit established in the statute.[1] See Complaint Exhibit B. Moreover, Defendants' letter denying Plaintiff's request summarized the agency actions that would be required to process Plaintiff's request, and concluded that processing the request would require an unreasonable effort because it would take "approximately two weeks or longer." See Complaint Exhibit B(emphasis added). It defies logic how a request that would only have taken two weeks to process in the first instance will now require three to four months to process in the context of litigation.

Plaintiff appealed the denial on July 25, 2006, and the pattern of delay from the Defendants continued. See Complaint Exhibit C. The statutory deadline for responding to the appeal expired on or about August 22, 2006.[2] In October of 2006, Plaintiff, through counsel, contacted Defendants to inquire about the status of the appeal. Mr. Michael S. Marquis, Director, Freedom of Information Group for the Centers for Medicare & Medicaid Services, responded in a letter dated November 1, 2006, attached as Exhibit A. In his letter, Mr. Marquis apologized for the delay and explained that a number of "critical assignments" had interfered

---

[1] See 5 U.S.C. § 552(a)(6)(A)(i).

with his staff's ability to process the appeal. But, he stated that his staff was now able to refocus on the appeal, and anticipated delivering a response by December 15, 2006, approximately 45 days after the date of the letter. See Exhibit A. As of December 26, 2006 when the complaint in this case was filed, Defendants had delayed over four months beyond the statutory deadline and still had not answered Plaintiff's appeal.

In summary, Defendants delayed their response to Plaintiff's original request by two months beyond the statutory deadline, and never responded to Plaintiff's appeal after over four months of additional delay. Furthermore, Defendants have represented that the time needed to process Plaintiff's original request was two weeks; and the time needed to analyze Plaintiff's appeal was approximately 45 days. Now in the motion pending before the court, Defendants assert that they need another three to four months "in order to complete the processing of the FOIA request and answer the complaint." Defendants' current assessment of the time required is belied by Defendants' own prior time estimates, and is patently unreasonable in light of over six months of delay that has elapsed while Defendants were presumed to have been working on the FOIA request.

## II.     The Requested Extension Is Not Required for Defendants to Answer the Complaint.

Defendants' request for an extension of time to process the FOIA request, a step that should have been taken before answering the FOIA request in the first instance, is unwarranted because such processing is not necessary for Defendants to answer the complaint. Defendants denied the FOIA request on the grounds that under 5 U.S.C. § 552(a)(3)(B), producing the records in the format requested by Plaintiff would be unreasonable. See Complaint Exhibit B. Plaintiff asserted in its appeal and again in its Complaint that the statutory provision relied upon

---

[2] See 5 U.S.C. § 552(a)(6)(A)(ii).

by Defendants to deny the request refers only to the format of production, and may not be used as a basis for completely denying a FOIA request. This is a legal issue, which Defendants can address without four months of records processing.

Furthermore, Defendants have not asserted any FOIA exemptions that would justify withholding the requested records. Even if in the course of this litigation Defendants assert that a FOIA exemption applies to all or a sub-set of the records at issue in this case, that too would be a legal question of the type typically resolved by summary judgment. See, e.g., Washington Post Co. v. United States Dep't of Agriculture, 943 F.Supp. 31, 33 (D.D.C. 1996)(resolving a FOIA case involving exemption 6 under cross-motions for summary judgment). There is simply nothing to be gained by allowing Defendants further delay to "process data," when the issues at stake in this case present questions of law.

As explained in the Complaint at paragraph 6, Plaintiff publishes a magazine and several reports such as the Guide to Top Doctors, which provide valuable information to consumers. The records requested by Plaintiff in this case will greatly enhance Plaintiff's efforts in these endeavors. Continued delay by Defendants in determining whether or not they will release the requested records materially harms this Plaintiff and its consumer-focused mission. Defendants should be forced to end their delay and answer the Complaint.

Plaintiff understands that the government at times faces burdens in FOIA cases that require reasonable time extensions. But in this case, with the established record of delay, Plaintiff opposes the requested extension of four months, and asserts that any extension of time beyond 20 days would be unreasonable.

-5-

Respectfully submitted,

/s/ Patrick Carome
_____
Patrick Carome (D.C. Bar No. 385676)
Stephen Albrecht (D.C. Bar No. 481871)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 663-6000
Fax: (202) 663-6363

*Counsel for Plaintiff Consumers'*
*CHECKBOOK, Center for the Study of Services*

January 29, 2007

# EXHIBIT A

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, N2-20-16
Baltimore, Maryland 21244-1850



CENTERS for MEDICARE & MEDICAID SERVICES

**Office of Strategic Operations and Regulatory Affairs / Freedom of Information Group**

November 1, 2006

**Refer to: FOIA Appeal C06FOI2229A**

Mr. Stephen M. Albrecht, Esquire
Wilmer Cutler Pickering Hale and Dorr, LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Dear Mr. Albrecht:

This letter is in response to your October 27, 2006 electronic mail, which you sent to Ms. Deborah Peters of my staff, concerning the July 25, 2006 Freedom of Information Act (FOIA) administrative appeal submitted by your client, Mr. Robert Krughoff of Consumer's Checkbook. Mr. Krughoff appealed the June 26, 2006 decision of the Centers for Medicare & Medicaid Services (CMS), within which we declined to produce the records requested, on the basis that CMS could not provide the requested records by employing reasonable efforts on the part of our agency.

In your email to Ms. Peters, you expressed your concerns regarding the length of time that had elapsed since the submission of the appeal, and that you had not received a response from CMS. You previously communicated with Ms. Peters regarding Mr. Krughoff's appeal on August 28, 2006, by telephone and email. At that time Ms. Peters explained the review process, and affirmed that CMS was working on this matter.

I apologize for any delay that has occurred in responding to Mr. Krughoff's appeal. Recently, it has been necessary for Ms. Peters to undertake a number of critical assignments, in conjunction with performing as the primary party in our office responsible for FOIA appeals. Inasmuch as these assignments and related issues have progressed toward resolution, Ms. Peters will now be able to refocus upon Mr. Krughoff's appeal.

Because the appeals process requires multiple levels of review and approval at both our Baltimore, Maryland and Washington, D.C. offices, it is difficult to project the precise response date. I would anticipate that CMS should be able to response to Mr. Krughoff's appeal by December 15, 2006.

**EXHIBIT A**

**PAGE II. – Consumer's Checkbook  / Appeal C06FOI2229A**

I hope this is helpful in clarifying the status of Mr. Krughoff's appeal, and our efforts to address this matter.  Should you have any questions regarding your appeal, you are welcome to contact Ms. Peters 410-786-3677, or at <u>Deborah.Peters@cms.hhs.gov</u> .

                              Sincerely,

                              Michael S. Marquis
                              Director
                              Freedom of Information Group

cc: Mr. Robert Krughoff

**EXHIBIT A**