UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al.<br><br>Defendant. | Case No: 06-02201 (EGS) |

# PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR A SCHEDULING CONFERENCE

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff, Consumers' CHECKBOOK / Center for the Study of Services ("CSS"), hereby opposes Defendants' Motion for Summary Judgment. Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, Plaintiff hereby moves for a scheduling conference so that the Court and the parties may agree to deadlines for Defendants to (1) respond to Plaintiff's appeal of the denial of its fee waiver request; (2) complete processing the requested records; (3) make determinations about the releasability of the records; and (4) produce the records to Plaintiff.

In support of this Motion, CSS is filing herewith (a) a Statement of Material Facts in Genuine Dispute; (b) a Memorandum of Points and Authorities; (c) a Declaration of Robert Krughoff including exhibits; and (d) a proposed Order.

Respectfully submitted,

/s/ Patrick Carome

Patrick Carome (D.C. Bar No. 385676)
Stephen Albrecht (D.C. Bar No. 481871)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 663-6000
Fax: (202) 663-6363

*Counsel for Plaintiff Consumers'
CHECKBOOK, Center for the Study of Services*

March 12, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al.<br><br>Defendants. | Case No: 06-02201 (EGS) |

## STATEMENT OF MATERIAL FACTS IN GENUINE DISPUTE

Pursuant to LCvR 7(h), Plaintiff Consumers' CHECKBOOK, Center for the Study of Services ("CSS") respectfully submits this statement of material facts as to which there is a genuine dispute necessary to be litigated.

1.  On June 26, 2006, Defendants sent a letter to Plaintiff denying Plaintiff's request for records submitted under the Freedom of Information Act. The letter stated:

> We are unable to comply with your request because the agency does not maintain a record that is responsive to your request and because, under FOIA, we are not required either to create records or to <u>furnish information in a particular form or format when a record in such form or format is not readily reproducible employing reasonable efforts</u>. See 5 U.S.C. § 552(a)(3)(B). We will not reproduce a record in a form or format that would be responsive to your request because we cannot readily do so with reasonable effort.

Declaration of Robert Krughoff ("Krughoff Dec.") ¶3, Ex. 2.

2. On December 26, 2006, Plaintiff filed the instant action seeking injunctive relief to enjoin defendants, their agents, officers and employees from withholding the information that Plaintiff requested and order Defendants to produce the requested information. Complaint Prayer for Relief.

3. On January 29, 2007, Defendants sent a letter to Plaintiff revising its prior decision to deny Plaintiff's request. Krughoff Dec. ¶6, Ex. 4. In the letter, Defendants denied Plaintiff's request for a fee waiver, and asked that Plaintiff agree to pay fees associated with processing five sets of state-specific records requested. The estimated fee for each state was $3,944.70. Defendants also stated that Plaintiff could narrow the scope of the request to reduce the fees. Defendants clarified in the letter that they had not yet determined whether the records would be released, and would only make that determination after processing the records. Because Plaintiff exhausted its administrative remedies, Defendants' assessment of whether or not the requested records will be released is a material fact that must be determined under the jurisdiction of the Court.

4. In a letter dated February 28, 2007 to the Deputy Administrator of CMS, Plaintiff appealed Defendants' denial of its request for a fee waiver. Krughoff Dec. ¶7, Ex. 5. On March 2, 2007, CMS sent a letter to Plaintiff acknowledging receipt of the appeal. Krughoff Dec. ¶8, Ex. 6. Because Plaintiff has exhausted its administrative remedies, the issue of whether CMS will respond to the appeal and how it will resolve the appeal is a material fact that must be determined under the jurisdiction of the Court.

5. On March 8, 2007, Plaintiff sent a letter to Defendants agreeing to pay the fees associated with processing the requested records unless Plaintiff were to prevail through its appeal of the fee waiver denial or through judicial review of the agency's fee waiver

determination. Krughoff Dec. ¶9, Ex. 7. In order to reduce the potential costs, Plaintiff also agreed to limit the scope of its request to records for which the Line NCH Provider State Code is "DC." Plaintiff also noted that as a practical matter, it appeared that CMS could determine the releasability of the physician-identifying information in the requested records before the records were retrieved and processed. Plaintiff requested that if such a determination has already been made, or could be made, by CMS before incurring the significant costs of processing the data, that CMS inform Plaintiff of that decision prior to incurring the costs. Plaintiff reserved the right to challenge the assessment of fees if Defendants had already determined, or could determine prior to processing the records, that the physician-identifying information in the requested records would not be released. The issue of whether Defendants have already determined, or could determine, the releasability of physician-identifying information in the requested records is a material fact as to which there is a genuine dispute necessary to be litigated under the jurisdiction of the Court.

                                                                      Respectfully submitted,

                                                                      /s/ [signature]
                                                                      Patrick Carome (D.C. Bar No. 385676)
                                                                      Stephen Albrecht (D.C. Bar No. 481871)
                                                                      WILMER CUTLER PICKERING
                                                                      HALE AND DORR LLP
                                                                      1875 Pennsylvania Avenue, NW
                                                                      Washington, DC 20006
                                                                      Phone: (202) 663-6000
                                                                      Fax: (202) 663-6363

                                                                      *Counsel for Plaintiff Consumers'*
                                                                      *CHECKBOOK, Center for the Study of Services*

March 12, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al.<br><br>Defendants. | Case No: 06-02201 (EGS) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFF'S MOTION FOR A SCHEDULING CONFERENCE**

**INTRODUCTION**

On March 1, 2007, Defendants filed a Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure instead of answering the complaint filed by Plaintiff in this action brought under the Freedom of Information Act ("FOIA" or the "Act"), 5 U.S.C. § 552 et seq. Defendants erroneously argue that Plaintiff failed to exhaust its administrative remedies because (1) Plaintiff has not paid the fee for processing the requested records, and (2) Plaintiff has not *finished* the appeal process for the denial of its fee waiver request. In fact, Plaintiff has consistently taken all steps required to exhaust its administrative remedies in this case -- first by appealing Defendants' denial of its FOIA request, and then by

timely appealing the denial of its request for a fee waiver. It is the Defendants who have failed to meet their obligations under the Act, requiring the Court to intervene and enforce compliance.

Defendants' Motion obscures the record in this case, is inconsistent with the law, and must be denied. In order to move this case forward towards resolution, Plaintiff now requests that the Court hold a status/scheduling conference pursuant to Federal Rule of Civil Procedure 16(a) to establish deadlines for Defendants to process the requested records, make any final release determinations, and then release the records to Plaintiff as required under the FOIA.

## BACKGROUND

Plaintiff in this case is Consumers' CHECKBOOK, Center for the Study of Services, a non-profit 501(c)(3) organization dedicated to conducting and supporting studies of consumer services, including services provided to consumers through government programs, and publishing Consumers' CHECKBOOK magazine and other reports that educate consumers about such services. Krughoff Declaration ("Krug. Dec.") ¶1. Defendants are the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS"), Michael O. Leavitt in his official capacity as Secretary of Health and Human Services, and Leslie V. Norwalk in her official capacity as Administrator (acting) of CMS.

On March 27, 2006, Plaintiff submitted to CMS a request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking certain Medicare physician claim records that detail the medical services provided by Medicare physicians ("the request"). Krug. Dec. ¶2. On June 26, 2006, after a delay of approximately two months beyond the statutory time limit for a response to a FOIA request, Defendants denied the request on the grounds that the effort needed to process the request (approximately two weeks by CMS's calculation) was unreasonable. Krug. Dec. ¶3. Plaintiff appealed the denial to the Deputy

Administrator of CMS, and after waiting five months for an answer to the appeal,[1] Plaintiff filed the Instant Complaint before this Court seeking to enjoin Defendants from withholding the requested information and to compel Defendants to provide the records. Krug. Dec. ¶¶4-5.

On January 24, 2007, just days before Defendants' answer to the complaint was due, Defendants filed a Motion to Extend the time limit for its response to the Complaint by over four months so that the Defendants could "complete the processing of the FOIA request by finalizing the search for the requested records and processing and then analyzing the results." Defendants' Motion to Extend at 1. Plaintiff opposed the motion to extend, and on January 29, 2007, the Court denied the four-month extension, and instead granted a one-month extension of time. See Court Minute Order, Jan. 29, 2007.

On January 29, 2007, *the same day* that the Court denied Defendants' request for a four-month extension, CMS sent a letter to Plaintiff revising its original denial of Plaintiff's request. Krug. Dec. ¶6. In the letter, CMS did not agree to release the requested records. Instead, CMS denied Plaintiff's request for a fee waiver, and for the first time asked that Plaintiff agree to pay fees of approximately $20,000 in order to process and produce the requested data.[2] CMS made clear that Plaintiff's agreement to pay almost $20,000 in data processing costs would not ensure that the records would be released. Instead, CMS stated that "[o]nce produced, CMS will review the requested information under the FOIA to make our release determination" Krug. Dec. ¶6, Ex. 4 at 1 (emphasis in original). Defendants' request for fees was a significant departure from

---

[1] CMS's five-month delay was well in excess of the 20-day period for responding to appeals established under the statute. 5 U.S.C. § 552(a)(6)(A)(ii).

[2] Plaintiff requested data records from five states: Maryland, Virginia, District of Columbia, Illinois and Washington. The January 29 letter from CMS stated that the cost for compiling the data for each state would be approximately $3,944.70, yielding a total of $19,732.50 for all five states. Krug Dec. ¶6, Ex. 4.

-3-

its prior position, when Defendants were apparently willing to process the requested records without fees during the four-month extension of time that Defendants requested from the Court.

The January 29 letter from CMS stated that Plaintiff could appeal the denial of the fee waiver to the Deputy Administrator of CMS within 30 days. On February 28, 2007, Plaintiff filed an appeal of the fee waiver denial within the 30-day deadline. Krug. Dec. ¶7.

On March 1, 2007, Defendants' filed its Motion for Summary Judgment, arguing that Plaintiff has failed to exhaust its administrative remedies "[b]ecause Plaintiff has neither paid the fee nor finished the appeal process for the denial of the fee waiver request...." Def's. Memorandum at 6.

On March 8, 2007, Plaintiff wrote to Defendants agreeing, on a provisional basis, to reduce the scope of the requested records to reduce costs and to pay the associated fees for processing the records in the event the fee waiver is ultimately denied. Krug. Dec. ¶9. Specifically, Plaintiff agreed to limit the request to records from the District of Columbia. Id., Ex. 7.

Plaintiff now opposes the pending Motion for Summary Judgment and requests that the Court hold a status/scheduling conference to establish deadlines for Defendants to respond to the pending fee waiver appeal and process and release the requested records.

### STANDARD OF REVIEW

Summary judgment may only be granted if there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

# **ARGUMENT**

Defendants' Motion for Summary Judgment attempts to confuse the issues in this case by focusing on the recent denial of a fee waiver, a position that Defendants took *after* this case was filed, and diverting attention away from Defendants' failure to comply with the Act. First, Plaintiff exhausted its administrative remedies in July of 2006 when it properly and timely appealed Defendants' denial of its FOIA request, and Defendants never responded to the appeal. Because Plaintiff exhausted administrative remedies and filed the Instant Complaint, the Act grants the Court jurisdiction to oversee the agency's review of the requested records and enforce compliance with the Act. 5 U.S.C. § 552(a)(6)(C)(i). Second, Defendants are completely wrong in contending that a FOIA plaintiff who has already exhausted its administrative remedies may lose its place in court were, as here, an agency first seeks to impose FOIA processing fees after Plaintiff has already filed suit on its FOIA request, and nonetheless, Plaintiff continues to exhaust its administrative remedies with regards to the processing fees. Defendants' legal argument regarding exhaustion of administrative remedies through payment of fees is fundamentally flawed, and does not merit judgment as a matter of law. In addition to denying Defendants' Motion for Summary Judgment, the Court should hold a scheduling conference to establish deadlines for Defendants to (1) respond to the pending fee waiver appeal, (2) process the requested records, and (3) release the records to Plaintiff.

## I.      The Court Maintains Jurisdiction Over This Case Because Plaintiff Has Exhausted Its Administrative Remedies

Plaintiff exhausted its administrative remedies in July of 2006 when it appealed Defendants' denial of its FOIA request, and Defendants never responded to the appeal. Krug. Dec. ¶4. After Plaintiff filed its complaint in this case, Defendants revised their decision and agreed to consider whether the requested records are releasable. Krug. Dec. ¶6. Yet, this

eleventh hour revision does not affect the Court's jurisdiction over this action. In a typical FOIA case, the factual record before a court will include items such as the agency's final decision regarding the releasability of the requested records, the agency's application of the FOIA exemptions to justify withholding records, and the final disposition of any request for a fee waiver. See, e.g., Summers v. United States Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998) (explaining that upon proper motions for summary judgment, the court will review the factual questions arising out of the agency's final determinations regarding the release of records or the withholding of records under the FOIA exemptions). In this case, these final factual determinations have not yet been made, as the agency has not decided the releasability of records or the applicability of the FOIA exemptions. Instead, the Defendants originally refused to process the requested records, refused to respond to the appeal of that decision, and only recently revised their original decision and agreed to process the requested records to make a releasability determination. Krug. Dec. ¶6, Ex. 4.

Exhaustion of administrative remedies is "a condition precedent to judicial review of a FOIA suit," Trueblood v. United States Dep't of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir. 1985)). The FOIA specifically contemplates jurisdiction in cases where a plaintiff exhausts administrative remedies and files suit before the completion of the normal administrative process. Specifically, the FOIA statute provides the court with jurisdiction to maintain oversight of the case while the agency completes its work:

> Any person making a request to any agency for records under ... this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may <u>retain jurisdiction</u> and allow the agency additional time to complete its review of the records.

5 U.S.C. § 552(a)(6)(C)(i) (emphasis added). Then, if the agency determines that the records are releasable, the Act explains "the records shall be made promptly available to such person making such request." Id.

Federal courts have consistently adopted this approach, and have held that the statutory function for courts ends "once all requested records are surrendered." Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982). Alternatively, the agency may sustain its burden before a court by identifying the documents at issue and explaining why they fall under the claimed exemptions through the creation of a Vaughn index. See, e.g., Summers, 140 F.3d at 1080. In this case, the Defendants have neither surrendered all requested records, nor explained why the requested records fall under claimed exemptions. Therefore, the Court must maintain jurisdiction over the case to enforce timely compliance with the Act and verify that Defendants meet one of these two requirements.

### II. Plaintiff Also Exhausted Administrative Remedies Regarding Fees

Defendants' only argument in support of summary judgment is that Paintiff has failed to exhaust administrative remedies because Plaintiff has "neither paid the fee nor *finished* the appeal process for the denial of the fee waiver request...." Defendants' Memorandum at 6 (emphasis added). Defendants' argument misses the mark. Exhaustion of administrative remedies in the FOIA fee waiver context requires either "payment of required fees *or an appeal within the agency from a decision refusing to waive fees*." Schwarz v. United States Dep't of Treasury, 131 F. Supp. 2d 142, 148 (D.D.C. 2000)(emphasis added)(citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990); Trueblood, 943 F.Supp. at 68). As will be explained in greater detail below, Plaintiff has exhausted its administrative remedies by appealing the denial of the fee waiver, and Defendants' motion should be denied.

First, Plaintiff exhausted its administrative remedies with regards to the fee waiver denial by timely filing an appeal to the Deputy Administrator of CMS on February 28, 2007. Krug. Dec. ¶7. In a letter to Plaintiff dated March 2, 2007, CMS acknowledged receipt of the appeal and stated that the appeal would be processed expeditiously. Krug. Dec. ¶8. Defendants' assertion that Plaintiff must not only file an appeal of the denial of the fee waiver request, but also <u>finish</u> the appeal process before some unexplained deadline in order to exhaust administrative remedies, is completely inconsistent with the requirements of the FOIA and common sense. Once an appeal of a fee waiver denial has been filed, the agency is allowed 20 days to respond to the appeal. See <u>Judicial Watch, Inc. v. Rossotti</u>, 326 F.3d 1309, 1310 (D.C. Cir. 2003). While awaiting a response from the agency, Plaintiff is powerless to "finish" the appeal process. Defendants' assertion that this failure to finish the appeal somehow results in a failure to exhaust administrative remedies is completely unsupported in the law.

Second, Defendants did not assert that Plaintiff must actually pay a fee before the agency will proceed with processing the requested records. In its letter dated January 29, 2007 addressing the fee waiver issue, CMS's FOIA Director, Michael Marquis, stated "[p]lease let me know whether you agree to pay these fees, so we may continue and complete the processing of your request." Krug. Dec. ¶6, Ex. 4 at 2. Defendants did not demand immediate payment, only an agreement to make a future payment. Thus, contrary to Defendants' assertion, payment of the fees was not a requirement at this juncture, and cannot be deemed a necessary step in exhaustion of administrative remedies.

Third, Plaintiff actually has agreed to pay the requested fees. After preparing and submitting its fee waiver appeal, Plaintiff wrote to Defendants on March 8, 2007 explaining that in order to avoid any unnecessary delay in processing the records, Plaintiff would agree to pay

-8-

the estimated fees if Plaintiff does not ultimately prevail on its fee waiver appeal either at the administrative level or upon judicial review.[3] Krug. Dec. ¶9.

Defendants' Motion for Summary Judgment hinges upon a misstatement of the law regarding exhaustion of administrative remedies in a FOIA case, and a distortion of the record in this matter. Moreover, the motion is premature and constitutes yet another example of Defendants taking evasive steps to avoid their obligations under the Act. Defendants' Motion for Summary Judgment must be denied.

### III. A Scheduling Conference Should Be Held to Impose Deadlines on the Defendants and Enforce Compliance with the FOIA

Defendants have displayed a pattern of delay in this case, and a practice of wasting valuable time and resources. First, Defendants delayed their response to Plaintiff's original request by two months beyond the statutory deadline. Krug. Dec. ¶3. Next, Defendants *never responded* to Plaintiff's appeal of the original denial. Krug. Dec. ¶4. Furthermore, Defendants represented in their original denial letter dated June 26, 2006 that the time needed to process Plaintiff's request was approximately two weeks. Krug. Dec. ¶3, Ex. 2. Defendants could have completed this two-week processing task at any time over the intervening eight months since the denial letter was issued. Yet, Defendants did not even acknowledge that they had a

---

[3] Plaintiff included one condition to its agreement to pay the requested fees. Plaintiff's request includes physician-identifying information, which is a critical component of the request. It is Plaintiff's understanding that previously CMS has categorically denied FOIA requests that contain physician-identifying information on personal privacy grounds under FOIA exemption 6, 5 U.S.C. § 552(b)(6). In an effort to avoid wasting the government's and Plaintiff's time and resources, Plaintiff requested that if CMS either has made, or could make, a determination regarding the releasability of the requested physician-identifying information before processing the records, then CMS should inform Plaintiff of that determination immediately so as to avoid any unnecessary costs of processing the records. Plaintiff reserved the right to challenge the imposition of fees for processing the requested records where CMS has already determined, or could have determined, before processing the records, that the physician-identifying information in the records may not be released under the FOIA.

responsibility under the FOIA to process the requested records until after the Complaint in this case was filed and Defendants issued their January 29, 2007 letter revising the prior denial. Still, rather than agreeing to process the records in order to make a release determination, Defendants informed Plaintiff for the very first time that up to $20,000 in fees would be required just for CMS to determine whether any of the requested records actually could be released.

Moreover, processing the requested records may not be necessary for Defendants to make a release determination. As Plaintiff explained in the original request letter dated March 27, 2006 and reiterated in its letter dated March 8, 2007, Plaintiff's request includes certain physician-identifying information, which is a critical component of the request. Krug. Dec. ¶¶2 & 9. Plaintiff understands that CMS previously has denied requests submitted under the FOIA for physician-identifying information on personal privacy grounds under FOIA exemption six, 5 U.S.C. § 552(b)(6). Krug. Dec. ¶9, Ex. 7. If Defendants have already determined, or could determine, whether the requested physician-identifying records are releasable under the FOIA without incurring the significant expense of processing the records, then Defendants should be ordered to make that determination immediately, rather than continuing to delay the process and unnecessarily incurring costs that Defendants intend to seek to shift to Plaintiff.

Because of the pattern of delay exhibited by Defendants in this case, Plaintiff requests a scheduling conference with the Court pursuant to Fed. R. Civ. P. 16(a) in order to set a schedule of deadlines for Defendants to (1) respond to Plaintiff's appeal of the denial of its fee waiver; (2) complete processing the requested records; (3) make determinations about the releasability of the records; and (4) produce all non-exempt records to Plaintiff. Plaintiff also proposes to establish a schedule for any motions or briefing required to resolve legal questions that may arise through this process. Based on Defendants prior estimates of the time needed to process the requested

records, Defendants should be allowed no more than two weeks to process the requested records and make determinations about their release, followed by immediate production to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Summary Judgment and grant Plaintiff's Motion for a Scheduling Conference.

Respectfully submitted,

Patrick Carome (D.C. Bar No. 385676)
Stephen Albrecht (D.C. Bar No. 481871)
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: (202) 663-6000
Fax: (202) 663-6363

*Counsel for Plaintiff Consumers'
CHECKBOOK, Center for the Study of Services*

March 12, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et. al. <br><br> Defendant. | Case No: 06-02201 (EGS) |

### ORDER

This matter having come before the Court on Defendants' Motion for Summary Judgment and Plaintiff's Opposition to Summary Judgment and Motion for a Scheduling Conference, and the Court having reviewed the motions, the parties' respective support and opposition thereto, and the entire record herein, it is

ORDERED that Defendants' Motion for Summary Judgment be, and it hereby is, denied; and it is further

ORDERED that Plaintiff's Motion for a Scheduling Conference be, and it hereby is, granted.

The Scheduling Conference shall be held before this Court at _____ on the \_\_\_\_\_ day of _____, 2007.

SO ORDERED, on this \_\_\_\_\_ day of _____, 2007.

_____
United States District Court Judge