UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSUMERS' CHECKBOOK, )
CENTER FOR THE STUDY OF SERVICES, )
)
    Plaintiff, )
)
    v. ) Case No. 06-2201 (EGS)
)
UNITED STATED DEPARTMENT OF )
HEALTH AND HUMAN SERVICES, )
)
    Defendant. )
)

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Department of Health and Human Services ("HHS") hereby submits this reply in support of its motion for summary judgment. On December 26, 2006, Plaintiff filed the instant action claiming that the Defendant violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by denying its request for records. Complaint Caption. While the suit was pending and on January 29, 2007, Defendant provided a letter to Plaintiff, explaining a revision of the previous denial of the request for records and that Defendant had determined that it could extract the requested data. The letter also explained that Defendant denied Plaintiff's fee waiver request and informed Plaintiff that completion of the FOIA request would require a payment of $3,944.70. MSJ, Marquis Dec. ¶¶ 12, 14.

During the course of the lawsuit, Plaintiff appealed the denial of its fee waiver request. MSJ, Marquis Dec. ¶14. Plaintiff, in a letter dated March 8, 2007, agreed to reduce the scope of the requested documents to reduce costs and to pay the associated fees in the event that the fee waiver is ultimately denied. See Plt Opp., Krug. Dec. ¶ 9. On March 16, 2007, the Defendant

issued a timely decision upholding its denial of the fee waiver.  See Exhibit A.  The Defendant indicated that it will release the requested data in full (based on the Plaintiff's reduced scope request) and it estimates that the computer time needed to extract the data is about 3-4 weeks.  Exhibit A

## ARGUMENT

**I.      Defendant did not exhaust its fee waiver request prior to filing this law suit.**

Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction.  Oglesby v. United States Dept. of the Army, 920 F.2d 57 (D.C. Cir. 1990).  An agency may require payment of fees even if the FOIA request has become the subject of litigation.  See, e.g., Trueblood v. Dept. of Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996) (failure to pay fees is a jurisdictional defense that can be raised at any time); see also Pollack v. Dept. of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995).  Administrative exhaustion does not occur in the FOIA context until the required fees are paid in full or an appeal is taken from the refusal to waive fees.  See Crooker v. United States Secret Service, 577 F. Supp. 1218, 1219 (D.D.C 1983) (requester must pay fees or administratively appeal the requirement of fees before seeking judicial review of a FOIA request).  On February 28, 2007, after filing the instant law suit, Plaintiff appealed the denial of its request for a fee waiver.  Because Plaintiff neither paid the fee nor finished the appeal process for the denial of the fee waiver request before the instant action was filed, the Court should grant summary judgment for the Defendant.

**II.     Defendant will release documents in full**

Moreover, the Defendant has indicated that it will release in full the requested documents based on Plaintiff's statement that it will pay the fees in the event that the fee wavier is ultimately denied and based on Plaintiff's reduced scope request. Exhibit A.      Pursuant to Defendant's FOIA regulations, the Defendant started searching for records after the Plaintiff agreed that it would pay the fees in the event that the fee waiver is ultimately denied. See 45 C.F.R. Sec. 5.44. The Defendant estimates that the computer time needed to extract the data is about 3-4 weeks. Exhibit A. The Court should dismiss this action because Defendant intends to release in full the requested documents. See Exhibit A. Finally, the Court should deny Plaintiff's request for a scheduling conference to establish deadlines as the Defendant has indicated how long it estimates it will take to obtain the requested information from its computers.

**III.    Defendant properly denied fee waiver request**

"The decision of an agency to grant or deny a fee waiver request is reviewed de novo, looking only to the administrative record before the agency at the time of the decision." D.C. Technical Assistance Organization v. U.S. Dept. of Housing and Urban Development, 85 F. Supp.2d 46, 48 (D.D.C. 2000); see also, Campbell v. United States Department of Justice, 164 F.3d 20, 35 (D.C. Cir. 1998); Rozet v. Department of Housing and Urban Development, 59 F. Supp.2d 55, 56 (D.D.C. 1999).

The FOIA provides that "[d]ocuments shall be furnished without charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the

commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Plaintiff bears the burden of demonstrating that it is entitled to a fee waiver. Casad v. HHS, No. 01-1911, 2003 U.S. Dist. LEXIS 13007, at *20 (D.D.C. June 20, 2003) (emphasizing that requester bears the burden of justifying entitlement to waiver of all or part of assessed fees).

Pursuant to the FOIA's fee waiver provisions, the Defendant has promulgated guidelines for determining when fees should be waived. See 45 C.F.R. § 5.45(a). The FOIA provides that "each agency shall promulgate regulations . . . specifying the schedule of fees applicable to the processing of requests under this section and establishing procedures and guidelines for determining when such fees should be waived or reduced." 5 U.S.C. § 552(a)(4)(A)(I). The statute and the regulations compiled by the agency must both be taken into consideration when a fee waiver denial is being adjudicated. See, D.C. Technical Assistance, 85 F. Supp.2d 46, 48; Campbell, 164 F.3d at 35; Samuel Gruber Education Project v. U.S. Department of Justice, 24 F. Supp.2d 1, 10 (D.D.C. 1998).

In Plaintiff's March 27, 2006 request, the Plaintiff described its organization, Checkbook/ Center for the Study of Services (Checkbook / CSS), as a non-profit entity which conducts studies of consumer services, including government services, and publishes material which informs or educates consumers concerning those services. Plaintiff contends a fee waiver is appropriate because providing the requested information will enable Checkbook / CSS to analyze the data and subsequently publish that analysis, which it believes is in the public interest, and will contribute significantly to public scrutiny of the operations of CMS and the Medicare program. Plaintiff further stated that the commercial interests of its organization is not the primary basis for its request. MSJ, Marquis Dec. ¶ 12.

Plaintiff, however, failed to demonstrate that the disclosure would advance the understanding of the general public or that it did not have a primary commercial interest in the disclosure. Because Plaintiff failed to meet the standard for a fee waiver, the Court should uphold Defendant's denial and dismiss the case.

*a.    Disclosure will not advance the understanding of the general public*

Here, the Defendant found that the Plaintiff markets and sells its services. Exhibit A; see also www.checkboook.org; www.cssresearch.org. Pursuant to 45 C.F.R. § 5.45(a), in determining the public interest in the disclosure, the Defendant shall consider, among other things, "will the disclosure advance the understanding of the general public as distinguished from a narrow segment of interested persons?" 45 C.F.R. § 5.45(a)(2); Carney v. United States Dep't of Justice, 19 F.3d 807, 814 (2d Cir. 1995) ("observing that the relevant inquiry is "whether requester will disseminate the disclosed records to a reasonably broad audience of persons interested in the subject"). Defendant properly found that the Plaintiff did not demonstrate that disclosure of the requested data will advance the understanding of the general public because disseminating on a subscription or fee basis will limit the general public's access to the requested data. MSJ, Marquis Dec. ¶ 12; Exhibit A.

Moreover, pursuant to 45 C.F.R. § 5.45(a)(2), the Defendant should consider whether "the public's understanding of the government's operations be substantially greater as a result of the disclosure." 45 C.F.R. § 5.45(a)(2). Defendant found that the Plaintiff did not demonstrate how "releasing a press release of a few pages in length will be a significant contribution to public understanding, in light of the fact that [the Plaintiff is] requesting 29 data elements for the Medicare physicians for the 2004 calendar year." Exhibit A, p. 3. Plaintiff does not appear to

propose an overall quality analysis and "the information, in and of itself, [does not] shed light upon whether the Medicare program is adequately assessing qualify of care issues." Exhibit A, p. 3.

      *b.*      *Plaintiff has a primary commercial interest in the disclosure*

Pursuant to 45 C.F.R. § 5.45(a), in determining whether the waiver request is not primarily in the commercial interest of the requester, the Defendant will consider "if disclosure would further a commercial interest of the requester, would that effect outweigh the advancement of the public interest. . . ?" 45 C.F.R. § 5.45(a)(3). Plaintiff, even though a non profit entity[1], has a commercial interest in the requested materials. See www.checkboook.org; www.cssresearch.org. VoteHemp, Inc. v. DEA, 237 F. Supp. 2d 55, 65 (D.D.C. 2002) ("A review of plaintiff's website pages demonstrates that indeed it has commercial interest in the information that it is seeking to obtain"). Defendant correctly concluded that CheckBook /CSS has a primary commercial interest in the requested disclosure and that Checkbook / CSS's commercial interest in the disclosure outweighs the public interest in this matter. MSJ, Marquis Dec. ¶ 12, Exhibit A. Therefore, the Court should uphold Defendant's fee requirement and dismiss the action.

---

[1] Critical Mass Energy Project v. NRC, 830 F.2d 278, 281 (D.C. Cir. 1987) (recognizing that entity's "non-profit status is not determinative" of commercial status")

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Court grant summary judgment in favor of Defendant.

Dated: March 17, 2007               Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530