UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUMERS' CHECKBOOK, ) <br> CENTER FOR THE STUDY OF SERVICES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATED DEPARTMENT OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> ) <br> Defendant. ) <br> ) | Case No. 06-2201 (EGS) |

**DEFENDANT'S MOTION FOR STAY
PENDING CONSIDERATION OF WHETHER TO APPEAL**

Defendant Department of Health and Human Services ("HHS") respectfully moves this Court for a stay of its August 22, 2007 Order, pending Defendant's consideration of whether to seek appellate review, and pending such review if it is sought. A stay is necessary to avoid mooting Defendant's argument on the merits pending Defendant's consideration of whether to seek appellate review, and pending such review if it is sought in this case brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff's counsel does not consent to the relief sought. Defendant sets forth more fully below the grounds for a stay.

On August 22, 2007, the Court issued an Order denying Defendant's Motion for Summary Judgment; granting Plaintiff's Motion for Summary Judgment; and directing Defendant to produce all records without fees by September 21, 2007. If the Defendant is required to produce records before it has an opportunity to consider whether to appeal the Order and before a review of such an appeal, its argument on the merits would become moot. Thus, Defendant submits that a stay is warranted to preserve their right to meaningful review on the

merits of the case.

Because this matter implicates the notion of mootness flowing from disclosure of documents, case law arising in the context of seeking a stay pending appeal in a Freedom of Information Act case is apropos here.  In Providence Journal Co. v. FBI, 595 F.2d 889 (1st Cir. 1979), the plaintiff sought under the FOIA to obtain documents concerning a wiretap.  The district court ordered the records disclosed.  The First Circuit, after the district court had granted only a short stay, recognized that failure to grant a stay pending appeal would completely undercut the government's right to secure meaningful review, and that a stay would be detrimental to plaintiff only to the extent that it postponed the moment of disclosure.  In addressing the importance of granting a stay in cases where the disclosure of documents is sought, the First Circuit stated:

> This Court necessarily approaches the matter from a different perspective.  While we give weight to the views of the District Court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal.  Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court, **before it becomes irrevocable**.  Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals.  **Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time**.  **The status quo could never be restored**.

Id. at 890 (emphasis added).

The Supreme Court has determined that a stay of a disclosure order in a FOIA case in which the Government decided to appeal was clearly warranted.  In John Doe Agency v. John Doe Corp., 488 U.S. 1306 (1989), Justice Marshall held that compliance with a court's disclosure order creates an irreparable injury for the Government because it would moot any appeal from such an order.  Id. at 1309.  In Rosenfeld v. Department of Justice, 111 S. Ct. 2846 (1991), the

Court granted an application for a stay of a disclosure order in a FOIA case pending final disposition of the appeal of that order by the United States Court of Appeals for the Ninth Circuit.  See also U.S. Dep't of Commerce v. Assembly of the State of California, 112 S. Ct. 19 (1991); Martin v. IRS, 857 F.2d 722, 724 (10th Cir. 1988); Taylor v. Dep't of the Army, 684 F.2d 99, 102 (D.C. Cir. 1982).

As in the cases cited above, failure to grant a stay pending resolution of Defendant's decision whether to appeal and pending any appellate review, would frustrate Defendant's right to meaningful review and would result in irreparable harm.  Once disclosure has been made, the harm cannot be corrected.  Moreover, the effect upon Plaintiff would be relatively less serious since such a stay would merely postpone the moment of disclosure if the Government's argument is unsuccessful. In Providence Journal, the court compared the harms resulting from a stay in that case and concluded:

> Weighing this latter hardship [of a stay upon plaintiff] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor issuance of a stay.

595 F.2d at 890.

Thus, the present circumstances meet the well-established criteria for issuance of a stay. As our Court of Appeals has stated,

> [a]n order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public, and when denial of the order will inflict irreparable injury on the movant.  There is substantial equity and need for judicial protection, whether or not the movant has shown a mathematical probability of success.

Washington Metropolitan Area Transit Comm'n  v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977).  Accord Friends For All Children v. Lockheed Aircraft, 746 F.2d 816, 834-35 & n.32

(D.C. Cir. 1984); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958). Here, a serious legal question is presented concerning whether disclosure of Medicare reimbursement records in such a manner as to identify individual physicians and the amount which they received would constitute an unwarranted invasion of their personal privacy within the meaning of the Exemption 6 under FOIA for personnel and medical records.  Further, as discussed above, the balance of harms militates strongly in favor of a stay.

Accordingly, Defendant submits that the need for a stay is compelling here and that the Court should grant this motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Court stay its August 22, 2007 Order.


Dated: August 29, 2007           Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CONSUMERS' CHECKBOOK, CENTER   )
FOR THE STUDY OF SERVICES      )
                               )
          Plaintiff,           )
      v.                       )   Case No: 06-02201 (EGS)
                               )
UNITED STATES DEPARTMENT       )
OF HEALTH AND                  )
HUMAN SERVICES,                )
et. al,                        )
                               )
          Defendants.          )
_____)

## ORDER

Upon consideration of Defendants' Motion for Stay, it is hereby ordered that the motion is granted. The Court grants a stay of its August 22, 2007 Order, pending Defendants' consideration of whether to seek appellate review, and pending such review if it is sought.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

Dated: _____, 2007