**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CONSUMERS' CHECKBOOK, CENTER FOR THE STUDY OF SERVICES, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Civ. A. No. 06-2201 (EGS) |
| ) UNITED STATES DEPARTMENT ) OF HEALTH AND HUMAN SERVICES, ) ) Defendant. ) ) | |

**DEFENDANT'S SUPPLEMENT TO MOTION FOR STAY**

Defendant Department of Health and Human Services ("HHS") respectfully supplements its August 29, 2007 motion to stay. In Florida Medical Ass'n v. Department of Health, Education & Welfare, No. 78-178 (M.D. Fla.), the district court permanently enjoined defendant, HHS's predecessor, the Department of Health, Education, and Welfare, "from disclosing any list of annual Medicare reimbursement amounts, for any years, which would personally and individually identify those providers of services under the Medicare program who are members of the recertified class in this case." Final Declaratory Judgment And Permanent Injunction, dated October 22, 1979, Attached. That court further decreed that "[a]ny disclosure of actual Medicare reimbursement amounts, for any years, in a manner that would personally and individually identify the providers of services under the Medicare program who are members of the recertified class in this case is declared to be contrary to federal law." Id.

On August 22, 2007, this Court issued an Order denying Defendant's Motion for Summary Judgment; granting Plaintiff's Motion for Summary Judgment; and directing Defendant to produce information that would allow plaintiff to identify individual Medicare service providers and determine each time a provider performed a particular service or procedure. Memorandum Opinion, at 2. Because the release of the requested information would allow plaintiff to calculate the specific amount that a Medicare provider receives annually in Medicare reimbursements, when combined with a publicly available Medicare fee schedule, Defendant proceeded cautiously before this Court and invoked Exemption 6 of the Freedom of Information Act ("FOIA") and the district court's Order in Florida Medical Ass'n. This Court, however, found that injunction to be "immaterial" to its analysis of the case because it concluded that plaintiff seeks different records. Id. at 13 n. 1.

As noted in its motion to stay, Defendant requests a stay of the Order to allow it the full amount of its statutorily entitled 60 day period to consider whether to appeal and, if appealed, a stay pending appeal. Because the Florida district court's injunction is applicable to those physicians in the District of Columbia who are members of the American Medical Association, Defendant also requires additional time to consider the appropriate course of action in light of the two injunctions, and this Court's interpretation of the Florida injunction. An injunction against disclosure deprives a court of jurisdiction to order disclosure because it is not "improper[]" to obey an injunction. See GTE Sylvania, Inc. v. Consumers Union of United States, Inc., 445 U.S. 375, 384-87 (1980) ("persons subject to an injunctive order issued by a court with jurisdiction are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order"); see also Morgan v. Department of Justice, 923

F.2d 195 (D.C. Cir. 1991) (information placed under seal may be subject to GTE Sylvania rule and may require government to seek modification and/or clarification of sealing order). To ensure that Defendant is not exposed to sanctions or other liability under the Florida Medical Ass'n Order, Defendant supplements its request for a stay to permit Defendant the time necessary to protect its interests.[1]


Dated: September 19, 2007						Respectfully submitted,

								PETER D. KEISLER
								Assistant Attorney General

								CARL J. NICHOLS
								Deputy Assistant Attorney General

								JEFFREY A. TAYLOR
								United States Attorney

								ARTHUR R. GOLDBERG
								Assistant Branch Director

								/s/ Paul G. Freeborne
								PAUL G. FREEBORNE
								Department of Justice
								Civil Division, Federal Programs Branch
								20 Massachusetts Ave., NW,
								Washington, D.C. 20530
								Tel: (202) 353-0543
								Fax: (202) 616-8460

								*Counsel for the Agency Defendant*

---

[1] Pursuant to Local Rule 7, counsel for Defendant contacted counsel for Plaintiff, Patrick J. Carome, Esq., regarding this supplement to its motion for stay and was advised that Plaintiff continues to oppose any stay.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLORIDA MEDICAL ASSOCIATION, INC.
a Florida corporation, on behalf
of its members, Louis C. Murray,
M.D., Jack McChris, M.D., Jere Annis,
M.D., O. William Davenport, M.D.,
Robert E. Windom, M.D., and Charles
H. Barchert, M.D., on behalf of
themselves and all others similarly
situated,

NO. 78-178-Civ-J-S

                Plaintiffs,

    and

AMERICAN MEDICAL ASSOCIATION, on
behalf of its members, and Robert
B. Hunter, M.D., Frank J. Jirka,
Jr., M.D., Lowell H. Steen, M.D.,
Harold Gurgone, Walter E. Schrange,

    Plaintiffs (Intervenors)

    and

BROWARD COUNTY MEDICAL SOCIETY,

                Amicus Curiae,

    v.

DEPARTMENT OF HEALTH, EDUCATION &
WELFARE, Patricia R. Harris, Secretary
of Health, Education & Welfare, Blue
Shield of Florida, Inc., a Florida
corporation, and Group Health, Inc.,
a Florida corporation,

                Defendants.

FINAL DECLARATORY JUDGMENT
AND PERMANENT INJUNCTION

    For the reasons set forth in the Court's opinion of this date, it is now

    ORDERED, ADJUDGED and DECREED:

    1. Defendants, Department of Health, Education & Welfare ("HEW"), Patricia R. Harris, the HEW Secretary, or her successors in interest, acting through her subordinates, employees, intermediaries, assigns, and agents (including carriers within the

of Florida, Inc., and Group Health, Inc., are permanently enjoined from disclosing any list of annual Medicare reimbursements amounts, for any years, which would personally and individually identify those providers of services under the Medicare program who are members of the recertified class in this case.

2. Any such disclosure of annual Medicare reimbursement amounts, for any years, in a manner that would personally and individually identify the providers of services under the Medicare program who are members of the recertified class in this case is declared to be contrary to federal law.

ORDERED, ADJUDGED and DECREED at Ocala, Florida, this 22nd day of October, 1979.

CHARLES R. SCOTT
Senior United States District Judge

Copies:

Bernard D. Hirsh, Esquire
B. J. Anderson, Esquire
American Medical Association
535 North Dearborn Street
Chicago, Illinois 60610

William H. Adams, III, Esquire
Peter L. Dearing, Esquire
Stephen D. Lobrano, Esquire
Post Office Box 4099
Jacksonville, Florida 32201

Newton N. Minow, Esquire
Jack R. Bierig, Esquire
One First National Plaza
Chicago, Illinois 60603

Steve J. Cohen, Esquire
Dadeland Towers, North, Suite 517
9200 South Dadeland Boulevard
Miami, Florida 33156

Ernst D. Mueller, Esquire
Assistant United States Attorney
Post Office Box 600
Jacksonville, Florida 32201

John Blye, Esquire
532 Riverside Avenue
Jacksonville, Florida 32204

Barry R. Goldberg, Esquire
Vicki Schulkin, Esquire
Office of the General Counsel
Health Care Financing Division
Department of Health, Education & Welfare
Room 4428, Switzer Building
330 "C" Street, S.W.
Washington, D.C. 20201

John Power, Sr., Esquire
Vice President Group Health, Inc.
1230 South Dixie Highway
Coral Gables, Florida 33146

Barbara Allen Babcock, Esquire
Assistant Attorney General
Leonard Schaitman, Esquire
Linda Cole, Esquire
Terrence Jackson, Esquire
Appellate Section, Civil Division
Department of Justice
Washington, D.C. 20530

William DeF. Thompson, Esquire
Fazio, Dawson & Thompson
633 Southeast Third Avenue
Fort Lauderdale, Florida 33301